UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 1, 2013

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL NO. 15-CR-023 (BAH) |
| v. | : | |
| | : | VIOLATIONS: |
| DAVID FLOWERS, | : | 22 D.C. Code §§ 2801, 4502 |
| | : | (Armed Robbery) |
| Defendant. | : | 22 D.C. Code §§ 4504(b) |
| | : | (Possession of a Firearm During a Crime |
| | : | of Violence or Dangerous Offense) |
| | : | 18 U.S.C. § 1951 |
| | : | (Interference with Interstate |
| | : | Commerce by Robbery) |
| | : | 18 U.S.C. § 1951 |
| | : | (Attempted Interference with Interstate |
| | : | Commerce by Robbery) |
| | : | 18 U.S.C. § 924(c)(1)(A) |
| | : | (Using, Carrying, and Possessing a |
| | : | Firearm During a Crime of Violence) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm by a |
| | : | Person Convicted of a Crime Punishable |
| | : | by Imprisonment for a Term Exceeding |
| | : | One Year) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 18 U.S.C. § 981(c), 21 U.S.C. § 853; and |
| | : | 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

On or about February 7, 2014, within the District of Columbia, **DAVID FLOWERS**, while armed with a firearm, or imitation thereof, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of

employees of Ashley Stewart Clothing Store located at 2847 Alabama Avenue, S.E., Washington, D.C., property of value belonging to Ashley Stewart Clothing Store, consisting of approximately $853.21 in U.S. currency and $190.00 in checks.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT TWO

On or about February 7, 2014, within the District of Columbia, **DAVID FLOWERS** did possess a firearm, or imitation thereof, while committing the crime of armed robbery as set forth in Count One of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

## COUNT THREE

On or about September 12, 2014, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant **DAVID FLOWERS** did unlawfully take and obtain personal property consisting of between approximately $700 and $800 in U.S. currency belonging to Payless Shoe Store, from the presence of employees located at 2855 Alabama Avenue, S.E., Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Payless Shoe Store, a business that was engaged in and that affects interstate commerce.

(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT FOUR

On or about September 12, 2014, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Interference with Interstate Commerce by Robbery, as alleged in Count Three of this Indictment.

> (**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT FIVE

On or about September 12, 2014, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> (**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SIX

On or about October 13, 2014, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant **DAVID FLOWERS** did unlawfully take and obtain personal property consisting of approximately $900 in U.S. currency belonging to Murry's Food, from the presence of employees located at 3932 Minnesota Avenue, N.E., Washington, D.C., against their will by

means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Murry's Food, a business that was engaged in and that affects interstate commerce.

>(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT SEVEN

On or about October 13, 2014, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Interference with Interstate Commerce by Robbery, as alleged in Count Six of this Indictment.

>(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT EIGHT

On or about October 13, 2014, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT NINE

On or about November 15, 2014, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant **DAVID FLOWERS** did unlawfully take and obtain personal property consisting of U.S. currency belonging to Murry's Food, from the presence of employees located at 4025 South Capitol Street, S.W., Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Murry's Food, a business that was engaged in and that affects interstate commerce.

>(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TEN

On or about November 15, 2014, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Interference with Interstate Commerce by Robbery, as alleged in Count Nine of this Indictment.

>(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT ELEVEN

On or about November 15, 2014, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in


U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT TWELVE

On or about December 10, 2014, within the District of Columbia, **DAVID FLOWERS**, while armed with a firearm, or imitation thereof, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of employees of Rainbow Clothing Store located at 2853 Alabama Avenue, S.E., Washington, D.C., property of value belonging to Rainbow Clothing Store, consisting of approximately $1706.95 in U.S. currency.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

### COUNT THIRTEEN

On or about December 10, 2014, within the District of Columbia, **DAVID FLOWERS** did possess a firearm, or imitation thereof, while committing the crime of armed robbery as set forth in Count Twelve of this indictment.

(**Possession of a Firearm During a Crime of Violence or Dangerous Offense**, in violation of 22 D.C. Code, Section 4504(b) (2001 ed.))

### COUNT FOURTEEN

On or about December 22, 2014, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in

that defendant **DAVID FLOWERS** did unlawfully take and obtain personal property consisting of approximately $900 in U.S. currency belonging to Radio Shack, from the presence of employees located at 2837 Alabama Avenue, S.E., Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Radio Shack, a business that was engaged in and that affects interstate commerce.

(**Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

### COUNT FIFTEEN

On or about December 22, 2014, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Interference with Interstate Commerce by Robbery, as alleged in Count Fourteen of this Indictment.

(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

### COUNT SIXTEEN

On or about December 22, 2014, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SEVENTEEN

On or about January 18, 2015, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant **DAVID FLOWERS** did unlawfully attempt to take and obtain personal property consisting of U.S. currency belonging to CVS Pharmacy, from the presence of employees located at 3240 Pennsylvania Avenue, S.E., Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of CVS Pharmacy, a business that was engaged in and that affects interstate commerce.

(**Attempted Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT EIGHTEEN

On or about January 18, 2015, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Attempted Interference with Interstate Commerce by Robbery, as alleged in Count Seventeen of this Indictment.

(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT NINETEEN

On or about January 18, 2015, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWENTY

On or about February 6, 2015, in the District of Columbia, the defendant, **DAVID FLOWERS**, did unlawfully attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that defendant **DAVID FLOWERS** did unlawfully attempt to take and obtain personal property consisting of U.S. currency belonging to Popeye's Restaurant, from the presence of employees located at 2721 Naylor Road, S.E., Washington, D.C., against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while the employees were engaged in commercial activities as employees of Popeye's Restaurant, a business that was engaged in and that affects interstate commerce.

(**Attempted Interference with Interstate Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951)

## COUNT TWENTY-ONE

On or about February 6, 2015, within the District of Columbia, defendant **DAVID FLOWERS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is Attempted Interference with Interstate Commerce by Robbery, as alleged in Count Twenty of this Indictment.

(**Using, Carrying, and Possessing a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A))

## COUNT TWENTY-TWO

On or about February 6, 2015, within the District of Columbia, **DAVID FLOWERS**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, in U.S. District Court for the District of Columbia, Criminal Case No. 01-112 (TFH), did unlawfully and knowingly receive and possess a firearm, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts Three, Six, Nine, Fourteen, Seventeen and/or Twenty, the defendant shall forfeit to the United States, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property subject to forfeiture includes a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to

the offense. The United States will also seek a forfeiture money judgment against the defendant in the amount of at least $2500.

      2.      Upon conviction of the offense alleged in Counts Four, Five, Seven, Eight, Ten, Eleven, Fifteen, Sixteen, Eighteen, Nineteen, Twenty-One and/or Twenty-Two of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

      2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C.§ 853(p), as incorporated by 28 U.S.C. § 2461(c).

      (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 924(d), Title 21, United States Code, 853(p) and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON

Attorney of the United States in
and for the District of Columbia