**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 15-CR-00023 (BAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID FLOWERS,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT NOTICE OF INTENT TO ENTER AN 11(C)(1)(C) PLEA AGREEMENT

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, files this joint notice informing the Court that the parties have reached an agreement in principle and intend, with leave of Court, to enter a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Defense counsel has authorized undersigned government counsel to represent that he joins in this Notice.

The parties are currently fashioning plea documents concerning all of the relevant terms. With leave of Court, these will include a plea agreement letter and a statement of offense that will include the elements of the offenses to which the defendant is pleading guilty. These documents would also include more details about the basic terms described here.

1. The basic terms would include that the defendant plead guilty to three counts of Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; three counts of Attempted Interference with Interstate Robbery, in violation of 18 U.S.C. § 1951; one count of Armed Robbery, in violation of 22 D.C. Code §§ 2801 and 4502; and one count of Possession of a Firearm or Imitation Thereof During a Crime of Violence or Dangerous Offense, in violation of 22 D.C. Code § 4504(b) ("PFCOV"). Two of these offenses – one count of Interference with Interstate Commerce by Robbery, and one count of Attempted Interference with Interstate Commerce by Robbery – would be charged by way of an information, filed in the United States District Court for the District of Maryland (Greenbelt), that would then be

transferred to this Court under Rule 20 of the Federal Rules of Criminal Procedure. As part of his relevant conduct the defendant would acknowledge his involvement in nine additional Maryland acts of Interference with Interstate Commerce by Robbery. In light of his plea and acceptance of relevant conduct, the United States Attorney's Office for Maryland would agree to not prosecute the defendant for any violations of 18 U.S.C. § 1951 (Interference with Interstate Commerce) and 18 U.S.C. §§ 922 and 924(c) (federal firearms charges) for that relevant conduct, as well as 13 additional robberies and attempted robberies that became of interest to the government during its investigation of the "Early Bird Bandit." At sentencing, the government would dismiss the remaining counts in the Superseding Indictment of March 29, 2016, and the defendant would acknowledge that they had a basis in fact.

2.   With leave of Court, under Rule 11(c)(1)(C) the parties would agree that a sentence of a total of 120 months of incarceration, followed by a total of five (5) years of supervised release, would be an appropriate resolution of the case, which if accepted by the Court by the time of sentencing would become part of the sentence to be issued in this case. Under the proposed plea agreement, restitution, forfeiture, and fines, whether mandatory or otherwise, would be handled at the time of sentencing and at the discretion of the Court.

3.   The parties estimate that, under the United States Sentencing Guidelines (2015 edition) ("U.S.S.G."), the defendant has a criminal history score of 3 points, placing him in Category II. The U.S.S.G. structure for Interference or Attempted Interference with Interstate Commerce by Robbery ("Interstate Robbery") is based on a single unit of robbery. The basic structure for one Interstate Robbery carries a Base Offense Level of 20 under U.S.S.G. § 2B3.1 (Robbery). Here, that would be enhanced with 3 additional levels under U.S.S.G. § 2B3.1(b)(2)(E) Dangerous Weapon Brandished. To this subtotal one adds additional levels under U.S.S.G. § 3D1.4. A conviction for six or more Interstate Robberies adds 5 additional

levels (this is the maximum number of increased levels under U.S.S.G. § 3D1.4).  This results in Level 28, Category II, with a guideline range of 87-108 months.  With a 3 level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, this results in a guideline range under Level 25, Category II, of 63-78 months of incarceration.

    4.    The agreed-upon sentence of 120 months of incarceration is above the estimated U.S.S.G. range for the federal charges.  In agreeing to this proposed sentence, the parties recognize that the number of additional alleged robberies in Maryland might arguably be cause for the defendant to face a separate and additional prosecution by the United States Attorney's Office for the District of Maryland, and could also provide cause for the government to argue for an upward departure under these circumstances.  The proposed sentence of 120 months of incarceration also takes into account the potential effects of conviction under the local D.C. Code.  In this case, the Superseding Indictment of March 29, 2016, charges local D.C. Code charges alongside the federal charges.  Were the government to prevail on all of the local D.C. Code charges at trial, for the local charges the defendant would be facing an estimated Superior Court Voluntary Sentencing Guideline Range of at least 420 months of incarceration, [1] possibly more, assuming the Court were to run certain sentences consecutively.[2]

---

[1] The Superseding Indictment contains six counts of Armed Robbery, eight counts of PFCOV, and two counts of Attempt to Commit Robbery While Armed, in violation of 22 D.C. Code §§ 2801, 2802, and 4502.  (All of these include as an element a "firearm or imitation thereof.")  The parties estimate that, under the Superior Court Voluntary Sentencing Guidelines, the defendant falls into Criminal Category C.  The Superior Court Voluntary Sentencing Guidelines suggest 60 to 108 months of incarceration for each of the six Armed Robbery counts; 60 to 108 months for each of the six PFCOV counts; and 30 to 72 months of incarceration for each of the two Attempted Armed Robbery counts.  The Superior Court Voluntary Sentencing Guidelines also suggest that each of the sentences for the robberies and attempted robberies should be consecutive to one another, as each involves a separate event with separate victims, resulting in a suggested guideline range of 420 months (35 years) [six robberies x 60 months plus two attempted robberies x 30 months = 420 months].  Under the Superior Court Voluntary Sentencing Guidelines, the PFCOV terms could be imposed either concurrently or consecutively, at the discretion of the Court, potentially resulting in an even higher sentence.  *See Superior Court Voluntary Sentencing Guidelines Manual (2015 ed.)*, Section 6.1.  (The 2015 edition can be found at http://scdc.dc.gov/sites/default/files/dc/sites/scdc/publication/attachments/2015_Voluntary_Sentencing_Guidelines_Manual.pdf ).

[2] Local statutory law does not require the imposition of consecutive sentences for each robbery/attempted robbery, and the Superior Court Voluntary Sentencing Guidelines are themselves voluntary.  The Superior Court Voluntary Sentencing Guidelines also contain departure principles permitting deviation from the consecutive and concurrent

     5.    At the same time, in agreeing to the proposed sentence the parties have also recognized their respective litigation risks, the primarily circumstantial nature of the evidence against the defendant, and the fact that a global plea here would resolve potentially numerous and as-yet-uncharged offenses before a separate U.S. Attorney's Office and a separate court, thereby saving the government and the judiciary even additional resources. When considering all of these factors, the parties are in agreement that the proposed sentence is a just and fair resolution, in this particular case and under these particular circumstances, and will urge its acceptance by the Court.

     6.    Accordingly, with leave of Court the parties will endeavor to complete and forward the necessary plea paperwork to chambers. The parties intend to respectfully request that the Court accept the defendant's proposed guilty plea, noting that the Court can readily reserve its ruling on its acceptance of the plea agreement's terms until the time of sentencing, after the preparation of the pre-sentence report.

---

sentencing rules of Section 6, in order to arrive at a voluntarily-guideline-compliant sentence, if adhering to them would result in a "manifest injustice" in the view of the sentencing court. *See* §§ 5.2.2(10) and 5.2.3(9) of the *Superior Court Voluntary Sentencing Guidelines Manual (2015 ed.)*

WHEREFORE, the government and the defendant respectfully request that the Court take notice of the above.

                Respectfully submitted,

                CHANNING D. PHILLIPS
                United States Attorney
                D.C. Bar No. 415793
                MICHAEL J. MARANDO
                Assistant United States Attorney
                N.Y. Bar No. 4250395
                555 4th Street, NW, Room 4235
                Washington, DC 20530
                (202) 252-7068; fax: (202) 514-6010 facsimile
                Michael.Marando@usdoj.gov
                _____/s/_____
                STEPHEN J. GRIPKEY
                Assistant United States Attorney
                D.C. Bar No. 445410
                555 4th Street, NW, Room 4217
                Washington, DC 20530
                (202) 252-7237; fax: 202-616-2296
                Stephen.Gripkey@usdoj.gov