

U.S. Department of Justice

Channing D. Phillips
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W*
*Washington, D.C  20530*

**FILED**

**APR 14 2016**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Via email**                    **April 8, 2016**
Matthew J. Peed, Esquire
CLINTON BROOK & PEED            **Superseding Plea Offer Letter**
1455 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20004
(202) 621-1828; fax: (202) 204-6320
Email: matt@clintonbrook.com

Re: United States v. David Flowers, Cr. No. 15-CR-00023 (BAH)

Dear Mr. Peed:

This superseding letter sets forth the full and complete plea offer to your client, David Flowers, (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on April 11, 2016. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement"). This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to plead guilty to the following counts in the Superseding Indictment of March 29, 2016, in 15-CR-00023(BAH):  Counts 6, 9, 17, and 20, charging Interference with (and Attempted Interference with) Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Interstate Robbery"); Count 12, charging Armed Robbery in violation of 22 D.C. Code §§ 2801 and 4502 ("Armed Robbery"); and Count 13, charging Possession of a Firearm or Imitation Thereof During a Crime of Violence, in violation of 22 D.C. Code § 4504(b) ("PFCOV"). Additionally, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, your client agrees to plead guilty to a two-count information to be filed in the District of Maryland (the "Maryland Information") charging Interference with Interstate Commerce by Robbery and Attempted Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Interstate Robbery"), and further agrees to a transfer of venue of the Maryland Information for guilty plea and final disposition in the District of Columbia.

Your client understands that each charge of Interstate Robbery in violation of 18 U.S.C. § 1951, carries a maximum sentence of twenty (20) years of imprisonment, a fine of $250,000 or twice the pecuniary gain or loss of the offense pursuant to 18 U.S.C. § 3571, and a term of supervised release of not more than three (3) years pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Your client understands that Armed Robbery (under a theory of Imitation Firearm) in violation of 22 D.C. Code §§ 2801 and 4502 is a Class A Felony under the D.C. Code and carries a maximum penalty of thirty (30) years of incarceration, with up to thirty (30) years of initial incarceration and a fine of up to $75,000.[1] Your client also understands that he may receive up to five (5) years of supervised release, and that supervised release for the Armed Robbery will carry with it five (5) years of additional incarceration as "backup" time that can be imposed for any violation of supervised release. See 24 D.C. Code § 403.01.

Your client understands that PFCOV in violation of 22 D.C. Code § 4504(b) carries a potential maximum penalty of fifteen (15) years of incarceration, with thirteen (13) years of initial incarceration along with a mandatory minimum period of five (5) years of incarceration (every day of which must be served before release), and a fine of up to $37,500.[2] Your client also understands that he may receive up to three (3) years of supervised release, and that supervised release for the PFCOV will carry with it two (2) years of additional incarceration as "backup" time that can be imposed for any violation of supervised release. See 24 D.C. Code § 403.01.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2015) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

Additionally, as part of his relevant conduct your client acknowledges that he did unlawfully obstruct, delay, and affect commerce by robbery, in that he did unlawfully obtain property consisting of United States currency from the presence and persons of the employees of

---

[1] "Initial" incarceration refers to the maximum amount of incarceration that can be imposed at the time of sentencing for D.C. Code offenses. Under local law, a portion of the statutory maximum for a some D.C. Code offenses is reserved as "backup" time, which can be imposed later during supervised release should the defendant violate supervised release conditions. Because Armed Robbery is a Class A Felony, the full amount of the maximum statutory sentence is available for "initial" incarceration, with an additional five years available as "backup" time.

[2] "Initial" incarceration refers to the maximum amount of incarceration that can be imposed at the time of sentencing for D.C. Code offenses. Under local law, a portion of the statutory maximum for a given D.C. Code offense – here, two years of the fifteen-year statutory maximum for the PFCOV Charge – is reserved as "backup" time, which can be imposed later during supervised release should the defendant violate supervised release conditions.

businesses operating in interstate and/or foreign commerce, by means of threatened force, violence, and fear of injury, on the following occasions: on 9/28/14 at 7:25 p.m. of the National Tire and Battery at 8423 Central Avenue, Capitol Heights, MD; on 10/2/14 at 10:10 p.m. of the Rainbow at 3226 Donnell Drive, Forestville, MD; on 11/1/14 at 8:36 a.m. of CVS at 4840 Marlboro Pike, Capitol Heights, MD; on 11/11/14 at 11:32 a.m. of Pizza Hut at 2336 Iverson Street, Temple Hills, MD; on 11/17/14 at 10:00 a.m. of Popeye's Louisiana Kitchen at 7101 Martin Luther King Jr. Highway, Landover, MD; on 11/22/14 at 6:41 a.m. of Save-A-Lot at 5933 Martin Luther King Jr. Highway, Seat Pleasant, MD; on 12/9/14 at 7:35 a.m. of Taco Bell at 6315 Oxon Hill Road, Oxon Hill, MD; on 1/14/15 at 6:25 a.m. of Taco Bell at 3330 Donnell Drive, Forestville, MD; and on 1/14/15 at 7:16 a.m. of Murry's Steaks at 6169 Livingston Road, Oxon Hill, MD.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty, as well as the relevant conduct described above. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. **Additional Charges**

In consideration of your client's guilty plea to the above offenses, the Government will request that the Court dismiss the remaining counts of the Indictment in Case No. 15-CR-00023(BAH) at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

In addition, in light of the offenses to which your client is pleading guilty under this Agreement and your client's admission of additional conduct in the Statement of Offense, the United States Attorney's Office for the District of Maryland agrees that it will not prosecute your client for violations of 18 U.S.C. § 1951 and of 18 U.S.C. §§ 922 and 924(c) that arise from the robberies and attempted robberies specifically identified in the Statement of Offense and identified below by the following dates, locations, and approximate times (that became of interest to the government during its investigation of the "Early Bird Bandit"): on 2/16/14 at 6:19 p.m. of National Tire and Battery at 8423 Central Avenue, Capitol Heights, MD; on 2/25/14 at 9:20 a.m. of Pizza Hut at 6293 Oxon Hill Road, Oxon Hill, MD; on 7/9/14 at 9:51 a.m. of Avenue Stores at 3550 Donnell Drive, Forestville, MD; on 9/2/14 at 8:49 a.m. of Sally Beauty Supply at 6201 Oxon Hill Road, Oxon Hill, MD; on 9/2/14 at 10:15 a.m. of Pizza Hut at 2336 Iverson Street, Temple Hills, MD; on 9/9/14 at 9:15 a.m. of Pizza Hut at 6293 Oxon Hill Road, Oxon Hill, MD; on 10/11/14 at 9:50 a.m. of Rainbow at 5620 Silver Hill Road, Suitland, MD; on 10/16/14 at 10:10 a.m. of Subway at 6716 Suitland Road, Morningside, MD; on 10/30/14 at 9:40 a.m. of Arby's at 3317 Donnell Drive, Forestville, MD; on 11/3/14 at 9:58 a.m. of Pizza Hut at 6409 Old Alexandria Ferry Road, Clinton, MD; on 1/23/15 at 7:11 p.m. of Jiffy Lube at 5518 St. Barnabus Road, Temple Hills, MD; and on 1/27/15 at 7:02 a.m. of Save-A-Lot at 2346 Iverson Street, Temple Hills, MD; and an attempted robbery on 7/9/14 at 9:38 p.m. of National Tire and Battery at 8423 Central Avenue, Capitol Heights, MD.

4. **Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the Government agree that a total sentence of 120 months of incarceration, followed by a total of five (5) years of supervised release, is the appropriate sentence for the offenses to which your client is pleading guilty. This Agreement with respect to the appropriate sentence affects only the term of incarceration and supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release, as well as forfeiture and restitution to be determined by the Court at the time of sentencing.

    A. **Acceptance of Agreement by the Court**

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a total term of incarceration of 120 months of incarceration, followed by a total of five (5) years of supervised release. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

    B. **Rejection of this Agreement by the Court**

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges before your client enters any guilty plea in this case.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

5. **Sentencing Guidelines Analysis**

In accordance with Paragraph 4 above, your client understands that, but for the above described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A. **Estimated Offense Level Under the Guidelines for Federal Charges**

The parties agree that the following Sentencing Guidelines sections apply:

| | |
|---|---:|
| U.S.S.G. § 2B3.1 (Robbery) Base Offense Level | 20 |
| U.S.S.G. § 2B3.1(b)(2)(E) Dangerous Weapon Brandished or Otherwise Used | +3 |
| U.S.S.G. § 3D1.4 Combined Offense Level (more than 5 units of Interstate Robberies) | +5 |
| Total | 28 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 25.

### B. Estimated Criminal History Category for Federal Charges

Based upon the information now available to this Office, your client has at least the following adult criminal convictions:

| Disposition Date | Charges | Disposition |
|---|---|---|
| 12/14/2001<br>01-CR-00112<br>Washington, D.C. | Unlawful Possession of Firearm by a Convicted Felon | Incarceration 235 months, supervised probation 3 years; *Note: judgment entered April 1, 2005, reflects 120 months of incarceration with credit for time served; probation office indicates probation expired 2/28/2014* |
| 4/04/1988<br>1987-FEL-003596<br>Washington, D.C. | CDW Felony | Confinement Only 3 years to 10 years |
| 8/27/1986<br>CT861317X<br>Maryland | Robbery-General | 6 years, 3 years suspended, 5 years of probation |
| 10/22/1985<br>Fairfax County, VA | Fugitive from Justice | Extradited |
| 09/06/1985<br>Fairfax County, VA | Felony Larceny | Sentence Unknown |

Accordingly, your client is estimated to have at least 3 criminal history points and your client's Criminal History Category is estimated to be at least Category II. Your client acknowledges that if additional convictions are discovered during the pre-sentence investigation by the United States Probation Office, your client's criminal history points may increase. Similarly, if the United States Probation Office determines that your client has fewer convictions than estimated herein, your client's criminal history points may decrease.

### C. Estimated Applicable Guidelines Range for the Federal Charges

Based upon the agreed total offense level and the estimated criminal history category set forth above, should your client qualify for the full 3-level reduction for acceptance of responsibility, your client's estimated Sentencing Guidelines range is 63 months to 78 months of incarceration (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 25, the estimated applicable fine range is $20,000 to $200,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided above. Moreover your client understands and acknowledges that the Estimated Guidelines Range agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, your client will not be permitted to withdraw your client's guilty plea on that basis, and the Government and your client will still be bound by this Agreement.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### D.   Estimated Superior Court Guidelines Range for the Local Charges

Your client understands that if he is sentenced upon consideration of the U.S. Sentencing Guidelines, rather than pursuant to the agreed-upon-sentence by the parties as detailed in the Recommendation as to Appropriate Sentence section of this Plea Agreement, the following terms apply: The sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2015 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Your client further understands that in fashioning a sentence for the Charge, the Court may also consider the Superior Court Sentencing Guidelines, although these are not binding upon the Court. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**Estimated Criminal History Score and Guideline Ranges under the Superior Court Guidelines:**

Criminal History Category C (estimated score of 2) [two points for most recent conviction]:

Resulting Estimated Guideline Range for the Armed Robbery Charge: 60-108 months of incarceration, with up to five (5) years of supervised release.

Resulting Estimated Guideline Range for the PFCOV Charge: 60-108 months of incarceration (60 month mandatory minimum, every day of which must be served before release), with up to three (3) years of supervised release.

(The parties acknowledge that the Superior Court's Guidelines, which are voluntary and not statutorily required, 1) provide that sentences for multiple crimes of violence, here the Armed Robbery, as to separate events should ordinarily be imposed consecutively to one another in order to constitute a guideline compliant sentence, and 2) further provide that the imposition of sentence for the PFCOV charge could be concurrent or consecutive at the discretion of the Court in order to constitute a guideline compliant sentence. See Superior Court Sentencing Guidelines, Section 6.1.)

6. **Court Not Bound by this Agreement or the Sentencing Guidelines** (applicable only when Rule 11(c)(1)(C) plea is rejected)

In accordance with Paragraph 4B above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence above the Estimated Guidelines Range based on § 3553(a) factors.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

7. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct,

including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 8. **Conditions of Release**

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that your client be detained without bond pending your client's sentencing in this case, pursuant to 18 U.S.C. § 3143.

## Waivers

### 9. **Venue**

Your client waives any challenge to venue in the District of Columbia. Furthermore, your client consents to the transfer of the Maryland Information to the District of Columbia under Rule 20 of the Federal Rules of Criminal Procedure.

### 10. **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

11. **<u>Trial Rights</u>**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court. Your client agrees not to challenge the authority of the Court to set conditions of supervised release for the D.C. Code offenses to which your client is pleading guilty.

12. **<u>Appeal Rights</u>**

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court or your client claims that your client received ineffective assistance of counsel, in

which case your client would have the right to appeal the illegal sentence or above-guidelines sentence or raise on appeal a claim of ineffective assistance of counsel, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

13. **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

14. **Privacy Act and FOIA Rights**

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

15. **Restitution**

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A.

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs. If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov. Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a

separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

16. **Forfeiture**

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Superseding Indictment in Case No. 15-cr-023 (BAH) to which your client is pleading guilty. Specifically, your client agrees to the entry of a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in the counts to which your client is pleading guilty. The Court will determine the amount of this sum of money at sentencing.

(b) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Maryland Information to which your client is pleading guilty. Specifically, your client agrees to the entry of a forfeiture money judgment for a sum of money, not to exceed $9,000, equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in the counts to which your client is pleading guilty. The Court will determine the amount of this sum of money at sentencing.

(c) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that in each case the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of your client's guilty plea or at any time before sentencing. Your client agrees that in each case the Court will enter a Final Order of Forfeiture for this property as part of his sentence.

(d) Your client agrees that this plea agreement permits the government to seek to forfeit any of your client's assets, real or personal, that are subject to forfeiture under any federal

statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violations to which your client is pleading guilty and (2) any substitute assets for property otherwise subject to forfeiture. See 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p).

(e) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

(f) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2014, or in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(g) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(h) This Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case. Your client understands that if this request is denied, your client will be liable to pay both the restitution and forfeiture judgments. Your client understands that forfeiture and restitution are separate obligations and that that the Court does not have the authority to offset them against each other.

17. **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes,

including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off–the-record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

18.     **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client. The only exception to the foregoing is that the United States Attorney's Office for the District of Maryland has agreed to be bound to the terms of this Plea Agreement, conditioned upon a guilty plea and sentence successfully entered pursuant thereto.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than April 11, 2016.

Sincerely yours,

*Channing D. Phillips /GG.*
CHANNING D. PHILLIPS
United States Attorney

By: *Michael Marando /MJM*
Michael Marando
Assistant United States Attorney
Stephen J. Gripkey
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Matthew J. Peed, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 4-8-16

David Flowers
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, David Flowers, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 4-8-16

Matthew J. Peed, Esquire
Attorney for Defendant